UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT LLOPIS | CIVIL ACTION |
| VERSUS | NO. 06-7514 |
| AMERICAN SECURITY INSURANCE COMPANY, ET AL. | SECTION "N" (5) |

## ORDER AND REASONS

Before the Court is a Motion to Remand filed herein by Plaintiff, Robert Llopis ("Llopis"), seeking remand of this matter to the Civil District Court for the Parish of Orleans, State of Louisiana.  Defendant American Security Insurance Company ("ASIC") opposes the motion.

### PROCEDURAL HISTORY

Llopis filed suit against ASIC and Third Millennium Insurance & Financial Services, Inc. for sums allegedly due under an insurance policy issued by ASIC, on certain property Llopis owns in New Orleans, Louisiana.  Llopis also seeks penalties against Defendant ASIC for its alleged breach of its duty to fairly, promptly, and in good faith adjust and pay this claim.  ASIC removed the matter from state court, claiming diversity jurisdiction pursuant to 28 U.S.C. § 1332.  In moving to remand, Llopis claims that the amount in controversy does not exceed $75,000, the jurisdictional threshold, and that Defendant ASIC has not satisfied its burden of demonstrating that the amount in dispute exceeds that amount.

1

**LAW AND ANALYSIS**

When a plaintiff alleges an indeterminate amount of damages, as is the case here, the removing defendant must demonstrate, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claim exceeds the jurisdictional amount of $75,000, or by setting forth facts in dispute which would demonstrate that the jurisdictional amount is satisfied. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

In this case, it is undisputed that the insurance policy at issue has a policy limit of $76,000, and that ASIC has already paid $3,424 on Llopis's claim. Thus, the amount claimed on the policy itself is less than $75,000, notwithstanding the policy limit. *See, e.g., Atkins v. Lexington Ins. Co.,* No. 06-1254, 2006 WL 1968895, at *3(E.D. La. July 12, 2006) (Vance, J.). In this case, however, Llopis also seeks monetary damages in the form of reimbursement for living expenses, along with penalties under La. R.S. 22:1220, and attorney's fees. Llopis admits that, under these circumstances, the Court is to consider these damages when it assesses the amount in controversy. Indeed, Plaintiff himself cites the case of *Poynot v. Hicks,* No.02-2068, 2002 WL 31040174, at *3 (E.D. La. Sept. 12, 2002) (Zainey, J.), for this proposition.

The Court finds it unlikely that the additional damages, including the penalties and attorney's fees sought by the plaintiff in this case, would amount to less than $2,424.[1] Accordingly, the Court

---

[1] $76,000 (policy limit) minus $3,424 equals $72,576; $75,000 (jurisdictional threshold) minus $72,576 equals $2,424.

finds, by a preponderance of the evidence, that the amount in controversy in this case exceeds $75,000.

## **CONCLUSION**

For the reasons stated herein, the Court finds that the jurisdictional threshold for the amount in controversy has been established, and therefore, Plaintiff Llopis's Motion to Remand is hereby **DENIED**.

New Orleans, Louisiana, this 17th day of April, 2007.

								_____
								**KURT D. ENGELHARDT**
								**United States District Judge**